### 9203

PRESSLEY *ET AL.* v. PRESSLEY *ET AL.*

(86 S. E. 377.)

SLAVE MARRIAGES. FREEDMEN. PRESUMPTIONS. BURDEN OF PROOF. APPEAL AND ERROR. EVIDENCE. LEGACIES.

1. APPEAL AND ERROR—CASE.—An exception will not be considered when based on facts not shown by the case.

2. ISSUES—VOID LEGACIES.—Where, in an action to declare certain legacies void, under Civil Code 1912, sec. 3575, the Court found that the alleged bastards were legitimate, it became unnecessary to determine what proportion of the testator's property was given to them.

3. EVIDENCE—APPEAL AND ERROR.—Where testimony is admitted without objection, its competency will not be questioned on appeal.

4. APPEAL AND ERROR.—Where a trial Judge states that in making his findings of fact, he did not consider certain testimony, alleged to have been incompetent, it will be so assumed on appeal.

5. EVIDENCE—PRESUMPTIONS—SLAVE MARRIAGES—FREEDMEN.—Under the presumption of innocency it will not be presumed, when a freedman contracted in 1866 a marriage, that he was then married to another woman with whom he lived both during and after slavery, and to whom he was thereafter formally married in 1886, and the burden is on those alleging such marriage to have existed in 1866 to prove it.

6. APPEAL AND ERROR.—The Court will not consider on appeal questions rendered immaterial by findings of fact which are sustained.

Before MOORE, J., Monck's Corner, March, 1914. Affirmed.

Action by William Pressley and George Pressley against Joseph Pressley and others. From a decree dismissing complaint, plaintiffs appeal. The facts are stated in the opinion.

*Mr. Lewis G. Fultz,* for appellants, submits: *Widow gets her third, irrespective of when her marriage occurred:* 58 S.

S. 125. *Widow's testimony competent to prove moral mar-
riage prior to 1866:* 85 Pa. St. 352; 151 Id. 294. *Not
within inhibition of Code Civ. Proc., sec. 438:* 47 S. C. 488;
53 S. C. 18. *Burden on defendants to prove that the rela-
tions between Henry and Elizabeth were immoral, and not
legalized by the act of 1865:* 42 Fed. 98; 6 Pet. 302; 18 Pet.
436; 6 N. M. 399; 25 N. H. 474; 42 Am. Rep. 142. *Plain-
tiffs need not prove case by "clear" preponderance of evi-
dence:* 71 Ill. App. 551; 150 Ill. 538.

*Mr. E. J. Dennis,* for respondent; submits: *Question as
service of answer not raised below:* 62 S. C. 546; 63 S. C.
550; 63 S. C. 123 and 462. *Findings of fact on conflicting
testimony concurred in by master and trial Judge:* 62 S. C.
546.

September 28, 1915.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

The appellants thus state their case:

"This is an action by the plaintiffs-appellants against the
defendants-respondents for the purpose of having the will
of plaintiffs' father construed, and the rights of the parties
thereunder adjudged.

The complaint alleges that the plaintiffs are the legitimate
sons of Henry Pressley; that the defendants, Joseph and
Charles Pressley, are illegitimate sons of Henry Pressley;
that Hattie, Catherine and Alice McQueen are the daughters
of Henry Pressley's legitimate daughter; that Enoch
McQueen is the son of Henry Pressley's illegitimate daugh-
ter; and that Elizabeth Pressley is the widow of Henry
Pressley. That Henry Pressley died, leaving a will in
which he devised or attempted to devise more than one-
fourth of the clear value of his estate to Joseph and Charles
Pressley, his illegitimate sons, and Enoch McQueen, son of
his illegitimate daughter.

Enoch, Hattie, Catherine and Alice McQueen answered by their guardian *ad litem,* submitting their interest to the Court. Elizabeth Pressley answered, admitting all the allegations of the complaint, and further answered that she had elected to take her dower in the lands left by her husband, Henry Pressley, and had instituted proceedings in the probate Court therefor. Joseph and Charles Pressley did not answer.

The case was referred to the master, who, after taking the testimony, filed a report, in which he held that Joseph and Charles Pressley and Enoch McQueen were legitimate descendants of Henry Pressley; that Henry Pressley was married to their mother, Nellie Hilton, in 1866; and that the plaintiffs and their sister of the full blood were bastards.

The plaintiffs excepted to this report, and the case was submitted to Judge Ernest Moore, who sustained the master. The case is now before this Court on exceptions to the decree of Judge Moore, as set forth in the 'case.' "

The first exception complains of error in that his Honor found that three of the defendants had answered, when, in fact, they had not answered. The only statement in the case that shows that these defendants did not answer, is contained in the exception.

This Court has repeatedly held that it cannot consider an exception when the only statement of the fact upon which it is based is in the exception itself. The trial Judge found as a matter of fact that they did answer and the questions raised by their answers. The record does not contain the answers nor does it contain any statement that no other answers than that contained in the case were filed. The failure of the defendants named to answer is not admitted by the respondents.

This exception can not be sustained.

The next question is, did his Honor err in refusing to consider two of appellant's exceptions to the master's report on the ground that the exceptions were too general? The

appellant seems to rely mainly upon the eighth exception, which complains that the master did not pass upon any of the issues. The master passed upon the legitimacy of the parties, and this was the principal issue, and, having passed adversely to the plaintiff on this issue, the other issues as to the proportion did not arise.

The next question embraces two exceptions: Did his Honor err in excluding the testimony of Elizabeth Pressley as to her marriage with Henry Pressley on account of interest under section 438, Code of Civil Procedure, 1912.

This question is academic here, as the testimony of Elizabeth, on this subject, before the Judge of probate, was admitted, without objection.

The fifth exception complains of error in not reversing the master, after holding that the master had erred in admitting incompetent testimony. His Honor said he did not consider this evidence in making up his opinion, and we must assume that his Honor did not. This exception can not be sustained.

Exceptions 6-10 complain of error in holding that the marriage between Henry and Nellie was a valid marriage and in holding that the burden of proof was upon the plaintiff to sustain the validity of the slave marriage between Henry and Elizabeth by the clear preponderance of the evidence. Clear preponderance and preponderance mean the same thing.

There was evidence to show that Henry and Elizabeth lived together as man and wife before and during the war. The relation was not in law marriage at that time. In 1865 the legislature passed an act which declared the relation of former slaves, who had contracted a moral marriage, to be that of husband and wife, but specifically declared where a man and woman were maintaining the mere relation of concubinage, it should not be converted into marriage by virtue of the act. We find them living together, but not married

12—102

according to law to begin with, and if there was a change in that relation, it must be shown.

In 1865 the act was passed. In 1866 Henry and Nellie were married according to law. Elizabeth said Henry lived with both at the same time. There is testimony that after Nellie's death, Elizabeth and Henry were married by one, Cooper. No excuse is given for this marriage in 1886, to a man to whom she now claims to have been married for more than twenty years.

In order to sustain the marriage between Henry and Elizabeth it is necessary to find that by his marriage with Nellie, Henry committed a crime.

A crime is not presumed. It must be proved, at least by the "clear preponderance" of the testimony.

The position that the marriage between Henry and Nellie in 1866 was void, by reason of a previous marriage to Elizabeth can not be sustained.

The eleventh and twelfth exceptions are based upon the validity of the marriage between Henry and Elizabeth prior to 1866, and since we have held that marriage invalid, these questions do not arise.

The judgment appealed from is affirmed.